# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>v.<br><br>HEIDI ROBLES,<br><br>                          Defendant. | Case No.: 17cr1836-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CREDIT OF PRETRIAL DETENTION PERIOD**<br><br>[Doc. No. 40] |

On June 11, 2017, Defendant Heidi Robles was arrested and charged with importing methamphetamine, in violation of Title 21, United States Code, sections 952 and 960. *See* Doc. No. 1. On June 28, 2017, Defendant was released from custody after posting the required appearance bond. *See* Doc. No. 12. Defendant remained on pretrial release pending resolution of the charges. Defendant ultimately pleaded guilty, and on November 13, 2017, the Court sentenced Defendant to a sixty-month term of imprisonment. *See* Doc. No. 30. On December 28, 2017, Defendant was arrested due to alleged violations of the conditions of her pretrial release. *See* Doc. No. 31, 37. Defendant began serving her term of imprisonment shortly thereafter. Defendant now moves for modification of her sentence pursuant to Title 18, section 3585(b). *See* Doc. No. 40. Defendant requests credit for the six-month period she spent on pretrial release, and argues that the Court should reduce her term of imprisonment accordingly.

1

A defendant may receive credit for prior custody as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The authority to award credit for prior custody lies solely with the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 333-34, 35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility of administering the sentence."); *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992). The Court lacks the authority to provide Defendant the relief she seeks. This is because district courts have "jurisdiction only over the imposition of sentence, not over its computation." *United States v. Martinez*, 837 F.2d 861, 865 (9th Cir. 1988). Defendant may request relief directly from the Bureau of Prisons using the administrative process available to federal inmates. *See Checchini*, 967 F.2d at 350.

Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATE: February 12, 2019

HON. MICHAEL M. ANELLO
United States District Judge